UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                  :
ALBERTO GONZALEZ,                :

                Petitioner,    :       06 Civ. 14431 (GEL)
                                  :       02 Cr. 877 (GEL)
      -v-                         :
                                  :      **OPINION AND ORDER**
UNITED STATES OF AMERICA,  :

                Respondent.    :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

       On June 18, 2004, this Court sentenced defendant Alberto Gonzalez to 235 months of imprisonment, to be served concurrently with a state sentence of seven years to life that he was already serving, following his plea of guilty to conspiring to import and distribute large quantities of heroin and cocaine. Gonzalez subsequently petitioned pursuant to 28 U.S.C. § 2255 to vacate the sentence, arguing that his plea was not entered knowingly and intelligently, that he was denied effective assistance of counsel, that he was unlawfully sentenced according to the then-mandatory sentencing guidelines, and that his fine was excessive. That petition was denied on June 27, 2007. See Gonzalez v. United States, Nos. 06 Civ. 14431 & 02 Cr. 877, 2007 WL 1856625, at *5 (S.D.N.Y. June 27, 2007). Gonzalez now moves pursuant to Rule 60(b), Fed. R. Civ. P., to set aside the judgments in the underlying criminal case and in his action under § 2255. The motion is utterly without merit and will be denied.

       Gonzalez argues that his guilty plea was the result of a "fraud upon the court perpetrated by counsel for the respondent," that is, by the prosecutor, because the facts recited in the plea agreement are not the true facts. (Pet. Mem. 1.) He then asserts that he told his attorney at the

time that he was not guilty, and that the stipulations were false, but was told "not to worry because his sentence would not be enhanced based on the drug[ ] weights set forth in the indictment or stipulation of fact/plea agreement." (Id.) He then argues that his appellate attorney advised him "never to bring this matter up on direct appeal or collateral review." (Id. at 2.) He now maintains that he is not guilty of the offenses charged, because, although he did "conspire[ ] to effectuate an extraterritorial sale of drugs to a buyer, the transaction . . . [which took] place overseas in Aruba" was not a part of "any conspiracy to import or distribute drugs in the United States." (Id.)

In the first place, this set of arguments has no bearing on the issues determined by the Court in addressing Gonzalez's § 2255 petition, since that petition was based on entirely different, and inconsistent, false assertions by Gonzalez. As discussed at length in the Court's opinion denying Gonzalez's petition under § 2255, Gonzalez argued in that petition "that his plea was invalid because he was suffering from a brain tumor that interfered with his capacity to enter a knowing and intelligent plea," that he had been promised a lower sentence than he received, that his trial and appellate attorneys were ineffective, and that his sentence was in various ways improper. Gonzalez, 2007 WL 1856625, at *1. His present contention that his acknowledged drug conspiracy was not directed at the United States, even if true, has nothing to do with those arguments, and therefore cannot support a claim that anyone defrauded the Court in connection with the underlying petition. Gonzalez thus does not present a basis for modifying the judgment on his § 2255 petition, but instead submits an entirely new claim of error in his underlying conviction.

This is not a permissible use of Rule 60(b). Relief under Rule 60(b) is "available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004). Gonzalez's present argument amounts to an entirely new claim, and thus can only be raised by a new § 2255 motion, which in turn can be raised only through the "gatekeeping" procedures applicable to repetitive convictions for such post-conviction relief. See 28 U.S.C. § 2255 (listing certain restrictions on "second or successive motion[s]"); cf. Gonzalez v. Crosby, 545 U.S. 524, 530-33 (2005) (in analogous context of § 2254 petition, Rule 60(b) motion presenting a new challenge to underlying conviction subject to restrictions on "second or successive" habeas petitions); see Schwamborn v. United States, 507 F. Supp.2d 229, 239-40 & n. 19 (E.D.N.Y. 2007) (applying Gonzalez v. Crosby to § 2255 and collecting cases).

In any event, even if properly before the Court, Gonzalez's arguments are hollow. Gonzalez's current claim that his narcotics conspiracy was not aimed at the United States, like his prior arguments, is completely inconsistent with his sworn statements during his plea proceeding. At that proceeding, Gonzalez was told, and stated that he understood, that the indictment charged him with "conspiracy to import into the United States more than one kilogram of heroin and more than five kilograms of cocaine." (5/2/03 Tr. 10.) The Court then further elaborated, in defining the elements of each of the three counts, that "the first [count] deals with importation, that is, the agreement is about bringing drugs into the United States." (Id. at 11.) In contrast, the Court went on, the "second and third counts deal with a conspiracy to not only possess drugs but to distribute them or to have the intention anyway of distributing them

3

in the United States." (Id.) Gonzalez again asserted that he understood. (Id. at 12.) After receiving this advice, Gonzalez asserted that he wanted to plead guilty, and that he was in fact guilty because "[f]rom October to June 2002, I agreed with others to distribute heroin and cocaine, importing heroin and cocaine from Colombia." (Id. at 18.)

Because the indictment alleged two separate distribution conspiracies, the allocution in this case was somewhat more elaborate than in the typical case, and the Court inquired carefully to determine the factual basis for the two separate conspiracy charges. The discussion included numerous sworn admissions that Gonzalez had conspired to import illegal drugs into the United States and distribute them in and around New York:

> The Court: Is it the case that there was, first of all, some group of people with whom you agreed to bring some heroin and cocaine from Colombia into the United States and distribute it here?
>
> The Defendant: Yes.
>
> The Court: And was some of that cocaine and heroin going to be distributed in New York?
>
> The Defendant: Yes.
>
> The Court: Now, in addition to that, was there any other situation in which you were involved with distributing heroin here in New York that wasn't part of that shipment from Colombia?
>
> The Defendant: Yes.
>
> The Court: . . . Was there any other heroin deal or some other distribution group that you were involved with besides this importation scheme?
>
> The Defendant: Yes.
>
> The Court: That involves the same people and some different people?

> The Defendant: Yes. Yes.
>
> The Court: This was also near New York?
>
> The Defendant: Yes, sir.

(Id. at 20-21.)*

Moreover, Gonzalez's new protestations of innocence are inconsistent with his attorney's statement, in connection with his § 2255 petition, that "[t]he government's evidence included, among other things, numerous intercepted telephone conversations, telephone records and other recordings of conversations with co-conspirators." (Talkin Aff. ¶ 5.)

In short, nothing in Gonzalez's current submission warrants any relief whatsoever, and certainly not relief under Rule 60(b).

## CONCLUSION

Gonzalez's motion pursuant to Rule 60(b) for vacation of the judgment denying his petition under 28 U.S.C. § 2255 is denied. As he has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will be denied. See Kellogg v. Strack, 269 F.3d 100 (2d Cir. 2001) (requirement for certificate of appealability applies to appeal from order denying 60(b) motion for rehearing of denial of petition for habeas corpus).

---

* Gonzalez's additional claim that he believed the drug amounts stipulated to in the plea agreement would not affect his sentence is equally inconsistent with the record. The parties had signed a plea agreement which expressly stipulated that the applicable guidelines-sentencing range was 188 to 235 months of imprisonment, that neither a downward nor an upward departure from that range was warranted, and that defendant waived any right to appeal a sentence within or below that range. (Plea Agreement at 4-5.) Gonzalez affirmed under oath that he had read this agreement and discussed it with his attorney before signing it, and that he believed he understood its terms. (5/2/03 Tr. 16-17.) This claim simply restates arguments already rejected in connection with the underlying petition. Gonzalez, 2007 WL 1856625, at *2-*3.

SO ORDERED.

Dated: New York, New York
January 16, 2008

_____
GERARD E. LYNCH
United States District Judge